**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**THOMAS DELOR,**

    **Plaintiff,**

v.                                                      Case No.  8:05-cv-1657-T-30MSS

**CLEARWATER BEACH DEVELOPMENT, LLC.; CRESCENT HEIGHT ACQUISITIONS, ICN.; CRESCENT HEIGHT OF AMERICA, INC.; SMITH AND ASSOCIATES REALTORS, INC.,**

    **Defendants.**
_____/

**ORDER**

THIS CAUSE comes before the Court upon Plaintiff Thomas Delor's Motion to Reopen Case (Dkt. 34) and Defendants' Response in Opposition to the Same (Dkt. 35). Upon review and consideration of the same, this Court finds that Plaintiff's Motion is **DENIED**.

First, Plaintiff was instructed by Judge Kovachevich in a previous matter that if not represented by counsel, he needed to obtain leave of court to proceed *pro se* prior to bringing a civil action in this District.  See Schramek and Thomas Delor v. Jones, 161 F.R.D. 119, 122 (M.D. Fla. 1995).  In reviewing the docket in this matter, it does not appear Plaintiff gained permission from this Court prior to bringing this action.

Second, in reviewing the allegations in the Complaint, it appears it would be fruitless for Plaintiff to bring this action. The Covington Report upon which Plaintiff relies appears to be nothing more than a recommendation from an engineer on ways the developer could improve the existing property to make the apartments "marketable condominiums" (Dkt. 1-4). As specifically stated in Mr. Covington's letter of August 24, 2003, "[his] contribution to the conversion process, at this point in time, is to assess the condition of the existing mechanical, electrical, plumbing, and fire suppression (MEPF) systems and present an *opinion* on their condition and adequacy." Id. at 1 (emphasis added). Additionally, the report indicates that the building, at the time the report was written, was code compliant. Id. at 5.

Third, it does not appear Plaintiff has standing to sue. See Fla. Stat. § 718.501 (d). Section 718.501(d) provides the Division of Florida Land Sales, Condominiums, and Mobile Homes the right to bring an action for violations of Chapter 718, Florida Statutes. The Section also alludes to remedies available to unit owners and associations. As Plaintiff is neither a condominium owner, nor an association, he does not fall within the class of persons protected under the statute.

Accordingly, it is hereby ORDERED AND ADJUDGED that:

1. Plaintiff Thomas Delor's Motion to Reopen Case (Dkt. 34) is **DENIED**.

2. Defendants' Motion to Dismiss (Dkt. 25) is **GRANTED**.

3. All pending motions are denied as moot.

4. The Clerk is directed to close this case and not to accept any further case filings by this Plaintiff unless he is represented by counsel or obtains leave of court prior to proceeding *pro se*.

**DONE** and **ORDERED** in Tampa, Florida on August 9, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2005\05-cv-1657 Motion to Reopen Case and Dismissing Case for failure to gain court approval to file case.frm